UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>TRASE DAMIEN ELLIOTT,<br><br>            Defendant. | CASE NO. 3:23-CR-05061-RJB<br><br>ORDER ON MOTION TO REOPEN DETENTION HEARING |

      On February 24, 2023, a detention hearing was held before the undersigned United States Chief Magistrate Judge David W. Christel. *See* Dkts.19, 21. The undersigned ordered Defendant Trase Damien Elliott detained pending a trial on charges of possession of fentanyl with the intent to distribute and possession of a firearm in furtherance of a drug trafficking offense. Dkt. 14. On March 16, 2023, Defendant Elliott filed a Motion to Reopen the Detention Hearing ("Motion") which the District Judge has referred to the undersigned. Dkt. 22. The Government filed a response on March 23, 2023, Dkt. 26, and Defendant Elliott filed a reply on March 24, 2023, Dkt. 27.

After reviewing the record, including written filings, evidence, and arguments presented at the February 24, 2023 detention hearing, the Court finds Defendant Elliott has failed to satisfy the requirements under 18 U.S.C. §3142(f) for reopening a detention order. Accordingly, the Motion (Dkt. 22) is denied.

### I. Legal Standard

A detention hearing may only be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Reopening of a detention hearing "is permissible under this section only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community." *United States v. Cisneros,* 358 F.3d 610, 614 (10th Cir. 2003). Reopening of a detention hearing is discretionary. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If a court finds the information presented in support of reopening is not sufficiently material to the issues of dangerousness or flight risk, the court may deny the request. *Id.* at 799.

### II. Analysis

Defendant Elliot argues the Court should reopen his detention hearing because he "has now identified and been accepted into an appropriate treatment program" and "Community Passageways has confirmed they will enroll Mr. Elliott in the Regional Peacekeepers program, which will offer him intensive case management, support, and mentorship." Dkt. 22 at 6.

1  Defendant Elliott asserts that his admission to the two programs was not known to him at the
2  time of the detention hearing and is material to the question of release or detention. *Id*.
3      At the time of the detention hearing, the undersigned noted the presumption of detention
4  applied because Defendant Elliott faced a potential maximum sentence of 10+ years as
5  prescribed in the Controlled Substances Act and ordered Defendant Elliott to be detained based
6  on the finding that he presented a danger to the safety of any other person and to the community
7  and that no conditions of release would address this concern. *See* Dkt. 21. The Court based its
8  ruling, in part, on the fact Defendant Elliott was on bond on other charges at the time of the
9  alleged occurrences herein and his history of failing to comply with court orders and terms of
10 supervision. *See* Dkt. 26 at 2-4 (summarizing Defendant Elliott's conduct, which includes
11 eluding police, driving erratically, officers using a "PIT" maneuver to stop Defendant Elliott,
12 possession of a firearm and narcotics, charged with a homicide while on bond, in possession of
13 firearms while on bond, and pervious criminal convictions for a drive-by-shooting, unlawful
14 possession of a firearm (1st and 2nd degree), assault with a firearm/dangerous weapon, and drug
15 trafficking).
16     Substance abuse did not factor into the Court's decision to detain Defendant Elliott. *See*
17 Dkt. 31. However, even if substance abuse did factor into the Court's decision, there is no
18 evidence that the new inpatient program would be secure enough to materially affect the Court's
19 concern for the community's safety. Defendant Elliott calls the facility "semi-secure," without
20 any description of safeguards to assure Defendant Elliott's continued residence at, or completion
21 of, the program. Dkt. 22 at 6. In fact, an individual can leave the facility if they wish to terminate
22 treatment and the facility cannot stop them from doing so. Therefore, Defendant Elliott has not

ORDER ON MOTION TO REOPEN DETENTION
HEARING - 3

provided new information that has a material bearing on his risk of flight or danger to the community.

### III.     Conclusion

The Court finds Defendant Elliott failed to present information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Defendant Elliott] as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(f). Accordingly, Defendant Elliott's Motion (Dkt. 22) is denied.

Dated this 5th day of April, 2023.

*David W. Christel*
David W. Christel
Chief United States Magistrate Judge